## AFFIDAVIT

I, John H. Galbreath, a Task Force Officer with the Drug Enforcement Administration (DEA), United States Department of Justice, being duly sworn, depose and state that:

## EXPERIENCE AND TRAINING

1. I am currently a Task Force Officer of the Drug Enforcement Administration (DEA), Norfolk District Office (NRO). I am also a special agent with the Virginia State Police (VSP). I have been employed in this capacity since February 7, 2007. I have been assigned to the Virginia State Police Bureau of Criminal Investigations since 2015. In April of 2015, I was deputized as a Task Force Officer with DEA in Norfolk, Virginia.

2. I am currently assigned to HIDTA Group 71, Norfolk District Office, Washington Division. I am responsible for conducting investigations of criminal violations of the Controlled Substances Act. I am familiar with the habits and the practices of individuals engaging in violations of controlled substance laws. I have actively participated in searches and seizures, Title-III surveillance, intelligence analysis, controlled deliveries, arrests, interviews, and interrogations. I have searched numerous residences and businesses for items related directly and indirectly to drug distribution in violation of Title 21 of the U.S.C.

3. I am familiar with the ways in which traffickers conduct their business, including, but not limited to the following: their methods of importing and distributing illegal drugs; their use of communications facilities; their transportation of platforms to arrange for and coordinate those distributions; their use of codes to conduct their transactions; and their financial vehicles to launder the proceeds of their illegal drug transactions.

4. I am familiar with the facts and circumstances of this investigation based on firsthand knowledge and information summarized in reports I have reviewed. I have compiled information

derived from discussions and interviews with experienced law enforcement officers and agents. I have not set forth each and every fact learned during the course of this investigation, but have only set forth those facts that I believe are relevant to establish probable cause to obtain an arrest warrant.

5. I make this affidavit in support of a criminal complaint and arrest warrant for AARON CLINTON BELL. This affidavit will show probable cause to believe that BELL possessed with the intent to distribute five-hundred (500) grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).

## FACTS SUPPORTING PROBABLE CAUSE

6. On February 24, 2024, members of the Virginia State Police responded to Interstate 95 Northbound, Mile Marker 27 in Sussex County, Virginia, within the Eastern District of Virginia based on report of a single-vehicle accident involving a 2018 4-door burgundy Chrysler 300 bearing North Carolina license plate KKA-7954. Virginia DMV records showed this vehicle registered to AARON CLINTON BELL. Per the caller notes, the driver of the Chrysler 300 appeared to lose control of the vehicle and "ran off" the road into the woods, hitting a tree.

7. Upon arrival VSP troopers encountered AARON CLINTON BELL, the driver and sole occupant of the vehicle, who was trapped in the driver's seat with visible, serious injuries to include apparent amputation of several fingers and significant leg injuries. Shortly thereafter, BELL was flown by medivac to VCU Medical Center in Richmond, Virginia for treatment. While on scene, troopers observed approximately 2 kilograms of cocaine outside BELL's vehicle which were presumed to have been thrown from the vehicle during the crash. A subsequent search of BELL's vehicle revealed an additional 5 kilograms of suspected cocaine in the trunk and 2 kilograms of suspected cocaine inside the front passenger compartment. After the

Chrysler 300 was towed from the scene, investigators recovered one additional kilogram of suspected cocaine inside the vehicle.

8. On February 26, 2024, at approximately 7:45 p.m., after waiving his Miranda rights, BELL consented to an interview with investigators in his hospital room at VCU medical center. During the brief interview, BELL stated, among other things, that he was the owner and sole operator of the vehicle involved in the aforementioned crash. BELL denied any knowledge or ownership of the suspected narcotics located inside the vehicle and alleged that they could have been planted there by law enforcement.

9. On March 4, 2024, the suspected cocaine recovered from BELL's vehicle was transferred into the custody of the DEA Norfolk District Office and submitted to the DEA Mid-Atlantic Laboratory for analysis. On April 5, 2024, laboratory analysis confirmed the items seized from BELL's vehicle contained 10,041 grams of cocaine.

10. On March 13, 2024 investigators visited the VCU Medical Center to try and speak with BELL concerning the recovered narcotics however, BELL presented them with an attorney's business card and advised investigators to direct all correspondence to the attorney. Investigators left with no further contact. On March 14, 2024, BELL prematurely checked himself out of the VCU Medical Center. On March 16, 2024, VSP Special Agent S.D. Covil obtained state arrest warrants for AARON BELL for possession with intent to distribute cocaine and transportation of more than an ounce of cocaine into the Commonwealth of Virginia.

11. In May 2024, Norfolk DEA agents attempted to have the Fayetteville, North Carolina Violent Crimes Apprehension Team (VCAT) check AARON BELL's last known address in the 6300 block of Paddington Court, Fayetteville, North Carolina. They did not locate BELL. All attempts to locate BELL over the following two months were unsuccessful.

12. On August 29, 2024, Norfolk DEA Investigators obtained geolocation data for BELL's T-Mobile telephone number *(443) 350-\*\*\*\** which showed activity in the Tarboro, North Carolina area. After several days of surveillance, Tarboro police investigators contacted Norfolk DEA agents and advised that BELL was in custody on the Sussex County warrants on September 11, 2024. In November 2024, BELL was extradited to Sussex County, Virginia.

## CONCLUSION

13. Based on the above facts, I believe that there is sufficient probable cause to charge AARON CLINTON BELL with possession with intent to distribute five-hundred (500) grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).

Further your affiant sayeth naught.

_____
John H. Galbreath, Task Force Officer
Drug Enforcement Administration

Read and Reviewed:

_____
Sherrie Capotosto
Assistant United States Attorney

Sworn and subscribed to before me this __31st__ day of January 2025.

_____
UNITED STATES MAGISTRATE JUDGE